**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| JOHN L. DUNNING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 2:18-cv-01826-JHE |
| ) | |
| STATE OF ALABAMA and TITLEMAX, ) | |
| Inc., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION[1]**

Plaintiff John L. Dunning ("Dunning") brings this action against Defendants the State of Alabama ("the State" or "Alabama") and TitleMax, Inc. ("TitleMax") alleging that the State criminal court is precluded from proceeding with a criminal case against him because a contract between him and TitleMax contained an arbitration clause. (Doc. 3 at 4-5). Dunning requests this Court review his case and dismiss the state criminal charges pending against him. (*Id.* at 7). Both Defendants have filed motions to dismiss (docs. 6 & 11), which are fully briefed and ripe for review. (Docs. 14, 18, & 22). For the reasons stated below, the motions to dismiss (docs. 6 & 11) are due to be **GRANTED**.

**I.  Background[2]**

TitleMax and Dunning entered into a pawn transaction, with Dunning's Ford truck as

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 20).

[2] "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). In other words, the

collateral for a loan. (Doc. 3 at 2). When Dunning missed payments, TitleMax attempted to repossess the Ford truck by sending a tow truck with a driver and a spotter. (*Id.*). During the repossession process, Dunning tried to loosen the towing straps, and the "tow truck driver came up behind Dunning and tried to choke him with those same straps." (*Id.* at 3). Dunning then jumped into the tow truck and tried to drive it away with his Ford truck "dangling behind." (*Id*). During this time, the spotter called the Bessemer Police Department. (*Id.*). Dunning was later subject to criminal prosecution for his actions during the repossession.

## II.     Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or " a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678. (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Rule 12(b)(6), Fed. R. Civ. P., permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to

---

"facts" are taken directly from the complaint.

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### III.     Analysis

Dunning asserts he should not be criminally prosecuted for his actions because he entered into a contract with Title Max containing an arbitration agreement, and any such claims against him should have been addressed through arbitration. (*See* docs. 3 & 14). Dunning requests that this Court intervene to review the matter and have the state criminal charges dismissed. (*Id.*) Dunning's position is misguided for several reasons.

Both the *Rooker-Feldmen* and *Younger* Abstention Doctrines preclude Dunning from seeking a remedy in this Court at this time. The *Rooker-Feldman* Abstention Doctrine precludes a party from receiving "what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). The Supreme Court has said that the *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 281 (2005). Dunning's complaint meets the criteria set out by the Supreme Court. Dunning lost his appeals to the Alabama

3

Supreme Court and Court of Criminal Appeals[3] and is now in federal court seeking a remedy for his injuries caused by the state-court judgments, which were rendered before the federal district court proceedings were commenced, and he is seeking the review and rejection of those judgments.

The *Younger* Abstention Doctrine also applies. In *Younger v. Harris*, the Supreme Court recognized the general principle expressed by Congress over the years that federal courts should refrain from interfering with state court proceedings. 401 U.S. 37, 43 (1971). One basis of the principle noted by the Court was the doctrine of equity jurisprudence wherein "courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *Id.* at 43-44. The Supreme Court went on to say that "the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term." *Id.* at 46. Therefore, the fact that Dunning faces a criminal prosecution does not overcome the general principle expressed in *Younger* that federal courts should not restrain state criminal prosecutions. Therefore, the *Younger* Abstention Doctrine bars the Court from taking action in this case.

Even without application of these doctrine, this action would be dismissed. The action would be dismissed as to defendant TitleMax because none of the actions complained of are attributable to TitleMax. Notably, although Dunning does not allege a specific cause of action, to the extent he alleges he has been harmed by the State's failure to submit the criminal charges against him to arbitration, those allegations are directed toward the State. TitleMax could not be held liable for the actions (or inactions) of the State, which decided to criminally charge him for

---

[3] Dunning's amended complaint describes how he "exhausted State court remedies," including a final decision from the Alabama Supreme Court and a final decision on remand from the Alabama Court of Criminal Appeals. (Doc. 3 at 2).

his alleged wrongdoing.

Furthermore, there is no law to support Dunning's argument that the arbitration agreement required the State to pursue its criminal charges through arbitration. The arbitration agreement is a private contract that governs disputes between the parties relating to "all claims based upon a violation of any state or federal constitution, statute or regulation." (Doc. 11-1). The arbitration agreement does not address or govern criminal charges brought by the State, which is not a party to the agreement. Two private parties cannot negotiate away the public's interest in public criminal prosecutions or the State's prosecutorial authority.

Dunning's reliance on *Title Loans, Inc. v. White*, 80 So. 3d 887 (Ala. 2011) is misplaced. (*See* doc. 14 at 6). *Alabama Title Loans* involved a civil law suit brought by an individual against her former creditor, Alabama Title Loans, for assault and battery, negligence, wantonness, trespass, wrongful repossession, and conversion. *Id.* at 890. Alabama Title Loans moved to compel arbitration based on the arbitration agreements included in the title-loan documents the plaintiff had signed. *Id.* The trial court denied the motion to compel arbitration without making any findings of fact. *Id.* at 891. The Supreme Court of Alabama held that the trial court should have granted the motion to compel arbitration based on the broadly-worded arbitration clause in the title-loan agreements. *Id.* at 894. Contrary to Dunning's assertion, *Alabama Title Loans* only addresses arbitration of a civil claim *between the parties* to an arbitration agreement. At no point did the court consider whether a criminal defendant may compel a state to arbitrate its criminal claims against a defendant based on an arbitration agreement with a third-party creditor. *Id.* Dunning continues to conflate the areas of criminal and civil law without regard to the public policy implications of criminal prosecutions.

There is simply no basis for Dunning to compel the State to "arbitrate" his criminal charges. The agreement between Dunning and TitleMax is a *private agreement* that is enforceable against Dunning. As such, notwithstanding the application of abstention doctrines, Dunning's action would be due to be dismissed.

## IV. Conclusion

For the reasons stated above, the motions to dismiss (docs. 6 & 11) are **GRANTED**, and this action will be **DISMISSED**. A separate order will be entered.

DONE this 15th day of February, 2019.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE